UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESUALDO JUNIOR RODRIGUEZ OSORIO (A-246-074-846),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, MESA VERDE DETENTION CENTER, et al.,<br><br>Respondents. | Case No. 1:26-cv-02489 DAD-CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Esualdo Junior Rodriguez Osorio (A-246-074-846), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 1.) Petitioner argues that his detention violates his due process rights under the Fifth Amendment and the Immigration and Nationality Act ("INA"). (Id. (claims one and two).) On April 7, 2026, the district court granted petitioner's motion for a temporary restraining order and ordered petitioner released. (ECF No. 10.) For the following reasons, this Court recommends that the petition be granted.

## I. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004)

(citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. The provisions of Rule 4, which are applicable to a petition filed pursuant to 28 U.S.C. § 2241, provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must not dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 4 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to respondents' motion to dismiss, or after an answer to the petition has been filed.

## II. DISCUSSION[1]

On April 1, 2026, petitioner filed a habeas petition and a motion for a temporary restraining order. (ECF Nos. 1, 2.) On April 2, 2026, the district court directed respondents to file a response to the motion and substantively address whether there are any factual or legal issues in this case that render it distinct from the district court's prior order in Ayala Cajina v. Wofford, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), and other similar cases decided by the district court. (ECF No. 5.) On April 3, 2026, respondents filed their return to the petition, arguing that petitioner is an "applicant for admission" within the meaning of 8 U.S.C. § 1225(b)(2), but also acknowledging that this case does not appear to

[1] The factual and procedural background previously presented in the district judge's order is incorporated herein. (See ECF No. 10.)

present any facts or legal arguments distinguishing it substantively from the cases identified by the district court. (ECF No. 7.) Respondents also filed a motion to dismiss respondents other than petitioner's immediate custodian. (ECF No. 8.) On April 3, 2026, petitioner filed his reply to the petition. (ECF No. 9.)

On April 7, 2026, the district court granted petitioner's motion for a temporary restraining order, granting petitioner's immediate release. (ECF No. 10.) The district court reasoned:

> Having considered the circumstances of petitioner's current detention and the parties' arguments, the court finds analogous and persuasive the previous orders in Rocha Chavarria v. Chestnut, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), where the undersigned concluded that the prior release of the petition pursuant to 8 U.S.C. § 1182(d)(5)(A) provided the petitioner with a liberty interest in his continued release and certain due process protections, and Singh v. Warden, No. 1:26-cv-02331-DAD-CKD, 2026 WL 905286 (E.D. Cal. Apr. 2, 2026), in which the undersigned concluded that immediate release was the appropriate remedy for violations of due process in re-detaining the petitioner even where the petitioner had purportedly violated certain terms of his release. Here, petitioner entered the United States without inspection on 12/11/2022. (Doc. No. 1 at 15.) Petitioner subsequently encountered immigration authorities, was detained by those authorities, and released with the issuance of an I-94 form pursuant to 8 U.S.C. § 1182(d)(5)(A). (Doc. No. 7 at 2.) On 3/25/2026, petitioner was re-detained by immigration authorities when he attended a scheduled ICE check-in appointment."

(ECF No. 10.) The district court rejected respondents' argument that petitioner was an "applicant for admission" subject to mandatory detention. (Id.) The district court found that the record "does not indicate that petitioner received notification of the revocation of his parole and the reasoning for that revocation and was also not provided an opportunity to contest that determination, as is required for revocation of parole under § 1182(d)(5)(A)." (Id. (citing Anderson v. Chestnut, No. 1:26-cv-01960-DAD-CKD, 2026 WL 809990, at *2 (E.D. Cal. Mar. 24, 2026)).) In addition to granting petitioner's immediate release on the same conditions before petitioner's detention, the district court enjoined and restrained respondents from "re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner written notice and a pre-detention hearing before a neutral adjudicator, where respondents will bear the

burden to demonstrate that petitioner is a flight risk or a danger to the community by clear and convincing evidence." (Id.) Petitioner was released on April 8, 2026 on his own recognizance. (ECF No. 11.) The parties indicated their intent to stand on their current briefing. (ECF No. 12.) On April 22, 2026, the district granted petitioner's motion for a preliminary injunction on the same terms as the order granting the motion for a temporary restraining order. (Id.) The district court referred this action to the assigned magistrate judge for further proceedings. (Id.) Where the parties previously submitted briefs on the merits, briefing is closed. (See Docket.)

After the petition was fully briefed, the Ninth Circuit decided Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026). In Rodriguez Vazquez, the Ninth Circuit rejected respondents' § 1225(b)(2) "applicant for admission" argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at 1165. Therefore, respondents' argument that petitioner is an "applicant for admission" subject to § 1225(b)(2) fails.

Given Rodriguez Vazquez and where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order and preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that petitioner's prior release pursuant to 8 U.S.C. § 1182(d)(5)(A) provided the petitioner with a liberty interest in his continued release and certain due process protections, and that respondents violated the INA and petitioner's Fifth Amendment due process rights by re-detaining him without notice of the revocation of his parole, the opportunity to contest the revocation, or a pre-deprivation hearing (claims one and two). See Rodriguez Vazquez, 183 F.4th 1160; Chavarria v. Chestnut, 2025 WL 3533606, at *3-4; ECF No. 10.

Petitioner also brings a third claim for attorney's fees and costs under the Equal Access to Justice Act. (ECF No. 1 at 5.) This is not a proper habeas claim, and the Court therefore declines to address it. Petitioner may file a post-judgment motion for attorney's fees and costs under the Equal Access to Justice Act.

Petitioner named as respondents the Warden of the Mesa Verde Detention Center and the ICE San Francisco Field Office Director. (ECF No. 1.) Respondents filed a motion to dismiss all

respondents but for petitioner's immediate custodian, Warden of the Mesa Verde Detention Center. (ECF No. 8.) In these circumstances, dismissal of non-custodians is inappropriate. See Osoria v Warden of the Cal. City Det. Ctr., No. 1:26-cv-01528 KES EPG (HC), 2026 WL 747297, at *1-2 (E.D. Cal. Mar. 17, 2026), findings and recommendations adopted, 2026 WL 947105 (E.D. Cal. Apr. 8, 2026) (finding that non-custodian respondents were properly joined in a habeas petition to permit enjoining future re-detention). Accordingly, respondents' motion to dismiss should be denied.

## III. CONCLUSION

In summary, the Court recommends that the petition for writ of habeas corpus be granted on petitioner's due process and statutory claims (claims one and two).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.
2. Respondents' motion to dismiss (ECF No. 8) be DENIED.
3. A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner Esualdo Junior Rodriguez Osorio (A-246-074-846) unless the government provides petitioner with written notice of the revocation of his release and the government demonstrates, by clear and convincing evidence at a pre-deprivation, constitutionally adequate bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that petitioner's physical custody is legally justified. Petitioner shall be allowed to have his counsel present at any such hearing. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

3. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 28, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/rodr.2489.26.frs